**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2181
_____

CHERYL FAYLOR,
                                        Appellant

v.

MICHAEL SZUPPER, individually and as Relocation Specialist United States
Department of Housing and Urban Development (HUD); JOHN TOLBERT, individually
as a Field Office Director, HUD; WESTMORELAND COUNTY, PA; HOME BUILD
HOPE, A Service of Adelphoi, USA; WEM HOUSING, L.P.; CHAD RUFFNER,
individually and as Executive Director WEM Housing, L.P. and in official capacity at
Home Build Hope a Service of Adelphoi; PROFESSIONAL COMMUNITY
COORDINATORS, INC; CARLOTTA PAIGE, individually and in official capacity at
Professional Community Coordinators Inc.; THOMAS BALYA, individually and as
County Commissioner for Westmoreland County, Pa.; THOMAS CERASO, individually
and as County Commissioner for Westmoreland County, Pa.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 08-cv-00996)
Magistrate Judge:  Honorable Robert C. Mitchell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2011

Before: FUENTES, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed: January 4, 2011)

_____

OPINION

_____

PER CURIAM

In the present appeal, Appellant challenges five separate orders of the District

Court: the District Court's decisions of April 15, 2009, June 30, 2009, and September 14,

2009, granting in part motions to dismiss certain parties and claims from the litigation;

the District Court's March 30, 2010 order granting summary judgment for the remaining

defendants on the remaining claims; and the District Court's order of November 2, 2009,

denying Appellant's motion for a late jury demand. For the reasons that follow, we will

affirm.

I.

In July 2008, Appellant Cheryl Faylor, proceeding pro se, filed a complaint

(amended December 2008), alleging that her rights were violated by the Appellees in the

process of being relocated to other housing pursuant to the Uniform Relocation

Assistance and Real Property Acquisition Policies Act of 1970 ("URA").[1] Named as

defendants in the amended complaint are Michael Szupper, individually and as

Relocation Specialist for the United States Department of Housing and Urban

Development ("HUD"), John Tolbert, individually and as Field Office Director of HUD

_____

[1] The URA seeks to minimize the adverse effect on individuals displaced as a
direct result of programs or projects undertaken by a federal agency or with
federal assistance by providing for relocation services and other assistance to
persons so affected. See 42 U.S.C. §§ 4621(b) and 4625.

(together, the "HUD defendants"), Westmoreland County, Pennsylvania, (the "County") and its Commissioners Thomas Bayla and Thomas Ceraso, individually and in their official capacities as County Commissioners for the County (together, the "Commissioner defendants"), Homes Build Hope ("HBH"), WEM Housing L.P. ("WEM"), Chad Ruffner, individually and as Executive Director of WEM and in his official capacity at HBH, Professional Community Coordinators, Inc., ("PCC"), and Carlotta Paige, individually and in her official capacity at PCC.[2]

Faylor claims that when the apartment complex she lived in became targeted for demolition as part of a HUD-funded redevelopment project (the "Project"), she failed to receive timely relocation notices or adequate relocation assistance as required by the URA. Faylor was granted the right to appeal her relocation assistance determination, but contends that the process was flawed in that it took an unreasonable amount of time, that PCC, Carlotta Paige, HBH and HUD should not have participated in the appeal, and that the recalculated assistance amount was erroneous.[3] As a result, she alleges, the defendants, individually and in conspiracy, violated her Fourteenth Amendment rights to

_____

[2]In 2006 and 2007, HUD and Westmoreland County entered into agreements pursuant to the HOME Investment Partnerships Act, see 42 U.S.C. § 12701, whereby HUD agreed to make funds available in exchange for the County's agreement to develop affordable housing. The County disbursed HUD funds for the Project to HBH. HBH created WEM as a non-profit agency to act as the general contractor on the Project. As general contractor, WEM purchased the unit that Appellant was living in, and hired PCC and Carlotta Paige to assist with relocating residents affected by the Project.
[3]It is Westmoreland County's position that Faylor has actually been overcompensated.

equal protection and due process under 42 U.S.C. § 1983 and § 1985, and are liable for breach of contract and negligence.

The defendants filed motions to dismiss the amended complaint which the District Court granted in part and denied in part in three separate opinions. Following discovery, the remaining defendants filed motions for summary judgment. The District Court granted the motions and entered judgment against Faylor. Faylor timely appealed.[4]

In her brief on appeal, Faylor clarifies that she is seeking review of: (1) the District Court's decision of April 15, 2009, granting the County defendants' motion to dismiss as to all claims except for procedural due process (Dkt #80); (2) the District Court's June 30, 2009 decision dismissing Michael Szupper and John Tolbert in their individual capacities for alleged violations of Faylor's due process rights (Dkt. #104); (3) the District Court's decision of September 14, 2009, granting the motions to dismiss of PCC, Carlotta Paige, HBH, WEM, and Chad Ruffner as to all claims except procedural due process and negligence (Dkt. #113); (4) the District Court's grant of summary judgment in favor of Westmoreland County, PCC, Carlotta Paige, HBH, WEB, and Chad Ruffner on the remaining procedural due process and negligence claims (Dkt. #153); and (5) the District Court's order of November 2, 2009, denying Faylor's motion for leave to file a late jury demand (Dkt #121).[5] See Drinkwater v. Union Carbide Corp., 904 F.2d 853, 858 (3d Cir. 1990) ("[S]ince . . . only a final judgment or order is appealable, the appeal

---

[4] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.
[5] In her appeal, Faylor specifically waives her breach-of-contract claim (Count III) and waives all claims against the HUD and the Commissioner Appellees in their

from a final judgment draws in question all prior non-final orders and rulings.").

## II.

**A.     Dismissal of claims and parties under Fed. R. Civ. P. 12(b)(6).**

In a series of carefully reasoned and thorough opinions, the District Court dismissed the HUD defendants from the litigation, and dismissed all claims except for procedural due process (Count II) and negligence (Count IV) against the remaining defendants, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  We exercise plenary review over a District Court's decision to grant a motion to dismiss.  See Fellner v. Tri-Union Seafoods, L.L.C., 539 F.3d 237, 242 (3d Cir. 2008).  When reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "we accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief."  Id.; see also Ashcroft v. Iqbal, ____ U.S. ____, ____, 129 S. Ct. 1937, 1950 (2009).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S. Ct. at 1949.  A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1949; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

With respect to Faylor's equal protection claim under the Fourteenth Amendment, the District Court dismissed this claim because Faylor failed to allege that she had been

official capacities.

"intentionally treated differently from others similarly situated" without a rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). On appeal, Faylor alleges that the URA creates a classification of people that qualify for the low-income entitlement benefits available under that statute, and that she alleged membership in this class. Membership in a class is necessary, but standing alone is not sufficient to state a claim for a violation of equal protection. Upon review of the record, we agree with the District Court that Faylor's complaint is devoid of any allegation that the defendants, without a rational basis, treated her differently than other people similarly situated to her. See e.g., Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006) (holding that Hill's claim "must fail because he does not allege the existence of similarly situated individuals . . . who [the defendant] treated differently than he treated Hill").

We likewise agree that Faylor failed to state a claim against the HUD defendants, in their individual capacities, for alleged violations of due process. As set forth more fully in the District Court's opinion, a claim under 42 U.S.C. § 1983 may only be maintained against a defendant who acts under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Couden v. Duffy, 446 F.3d 483, 499 (3d Cir. 2006). Faylor alleges that defendants Szupper and Tolbert were employees of HUD, a federal agency, who were acting pursuant to federal law; therefore, they cannot be liable under § 1983.

See Am. Compl. ¶¶ 2-3; see also Hindes v. F.D.I.C.,137 F.3d 148, 158 (3d Cir.

1998).[6]

We also concur with the District Court's determination that Faylor failed to state a claim against the defendants for a violation of substantive due process, which requires behavior that can "properly be characterized as arbitrary, or conscience shocking." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 847 (1998) (quotations and citations omitted). Faylor's complaint alleges that she received insufficient relocation assistance and that the defendants failed to comply with URA procedural safeguards. There are no allegations of corruption, self-dealing, interference with constitutionally protected activity, or other conduct on behalf of any of the defendants egregious enough to be cognizable as a violation of substantive due process. Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010) ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted).

The District Court also properly dismissed Faylor's § 1985(3) conspiracy claim, as there are no allegations that the alleged conspiracy was motivated by a "*class-based*, invidiously discriminatory animus." Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (emphasis in original); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

**B.     The summary judgment decision**

Following discovery, the District Court considered and granted the motion for

---

[6] Faylor did not bring any claim that the HUD defendants acted in a malicious manner that could be cognizable as a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

summary judgment of Westmoreland County on the remaining § 1983 claim against it, and the motions for summary judgment of HBH, WEM, Chad Ruffner, PCC, and Paige Carlotta on the § 1983 and negligence claims against them. We exercise plenary review over a District Court's grant of summary judgment and apply the same test the district court should have applied. Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A factual dispute is deemed genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Med. Protective Co., 198 F.3d at 103 (quotations omitted). In determining whether the District Court's grant of summary judgment was appropriate, we must view the facts in the light most favorable to Faylor, as the party opposing the motion, and draw from them any reasonable inferences that support her claim.

We concur that Faylor's due process claim against the County must fail because Faylor cannot establish the County's municipal liability under § 1983.[7] Municipal

---

[7] The District Court noted that following the Supreme Court's opinion in Gonzaga University v. Doe, 536 U.S. 273, 283-84 (2002), discussing the factors to be used in determining whether a statute confers a private right of action, it is unclear whether the URA provides a private right of action for money damages. Compare Delancey v. City of Austin, 570 F.3d 590, 594 (5th Cir. 2009) (holding that the URA does not create a private right of action for money damages), with Pietroniro v. Borough of Oceanport, 764 F.2d 976, 980 (3d Cir. 1985), cert. denied, 474 U.S. 1020 (1985) (holding that a private right of action existed against state officials for violations of § 4625 of the URA due to the absence of a comprehensive enforcement scheme under the Act). Because we affirm the District Court's decision on the merits, we need not reach that issue.

liability can arise only when a constitutional deprivation results from an official custom or policy of the municipality. Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998). In this case, the County disbursed HUD funds for the Project to HBH, and acknowledged its duty to monitor the progress of the Project. Even if Faylor could prove that the County's role in monitoring the project constituted an official policy, we agree with the District Court that the record is devoid of any evidence that the County acted with deliberate indifference to her rights and was the moving force behind her alleged injuries. See Berg v. Cnty. of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000). Furthermore, there is no evidence that Westmoreland County or any of the defendants violated the URA or deprived Faylor of due process. The record shows that Faylor received timely and adequate relocation notices under the statute, she was relocated into comparable replacement dwellings of her choice, she received over $30,000.00 in relocation assistance, and her appeal of her relocation assistance amount was reviewed by HBH in a manner consistent with applicable regulations. Even if a violation had occurred, Faylor failed to establish state action or show that the state was closely involved in, or responsible for, the defendants' complained-of acts.[8] See Kach v. Hose,

---

[8] We agree that the County cannot be held liable for the alleged acts or omissions of HBH, PCC, or HUD, simply because it acted as the disbursing agency of the federal funds to HBH. See Rendell-Baker v. Kohn, 457 U.S. 830, 840-42 (1982) (holding that the mere fact that a private entity has a contract with the government or receives government funds does not transform the entity's conduct into state action). There is no evidence in this case that the County committed any unconstitutional act or exercised any "coercive power" over the alleged actions of the other defendants, or that a sufficiently close nexus exists to establish state action. See Blum v. Yaretsky, 457 U.S. 991, 1004 (1982).

589 F.3d 626, 646 (3d Cir. 2009) (setting forth the three tests used to determine if a private actor engages in state action). Thus, the District Court properly granted judgment on Faylor's § 1983 claim in favor of defendants.

In her remaining state law claim for negligence, Faylor asserts that the defendants[9] breached a duty owed to her in failing to comply with the URA, and caused her emotional distress, such as when the condition of her house deteriorated before her relocation. We agree with the District Court that there was no evidence that the defendants had violated Faylor's civil rights or failed to comply with the URA; thus there was no evidence that the defendants had breached any duty of care. With respect to the allegations that Faylor suffered emotional distress due to her deteriorating living conditions, the record evidence demonstrates that Faylor made complaints to HBH, and these complaints were responded to appropriately. Thus, we reach the same conclusion as the District Court that Faylor's negligence claim lacks merit.

## C.   The denial of Faylor's late jury demand

We review a trial court's decision to deny a motion for a late jury demand for abuse of discretion. United States Sec. & Exch. Comm'n v. Infinity Group Co., 212 F.3d 180, 195 (3d Cir. 2000). In this case, the District Court considered all of the relevant factors, see id., and noted that because discovery had already closed, the defendants would be seriously prejudiced in their defense were the Court to grant Faylor's motion.

---

[9] The District Court properly dismissed the negligence claims against the HUD defendants on the ground that they were immune from liability under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541.

The District Court also found Faylor's delay to be significant, as she had not made a jury demand within "10 days[10] after the last pleading directed to the issue [was] served," but waited nearly five months after all answers to the complaint had been received to state her desire for a jury trial. Fed. R. Civ. P. 38(d). The District Court further found that Faylor's proffered justification for her delay—that she misconstrued the deadline set forth in the rule—to be unpersuasive. The District Court's consideration of these factors was proper, and we cannot find that the District Court abused its discretion in deciding against Faylor in her untimely demand for a jury trial.

We have considered all of the arguments raised in Appellant's brief and find them to be without merit. We conclude that the District Court was correct in awarding summary judgment to the Appellees.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[10] Effective December 1, 2009, Rule 38 now allows parties 14 days. See Fed. R. Civ. P. 38(b)(1).